Gkaham, Judge,
delivered the opinion of the court:
We have adopted the findings of the commissioner in this case as they were not excepted to by either party and on the argument were admitted to be satisfactory to both.
The plaintiff, on and for sometime prior to May 15, 1917, had been and was the owner in fee simple of a tract of 5,089 acres of land near the city of San Diego, California. On or before that date the defendant took possession of this land, placed thereon a detachment of officers and soldiers with a view to establishing a cantonment, and for five years thereafter, until about June 1, 1922, occupied and used the said 4,000 acres as a cantonment or training camp, and erected thereon buildings, roads, sewers, railroad embankment, using a large area as parade grounds, and otherwise using it as more fully described in the findings. At times it also used the remaining 1,039 acres of the said 5,039-acre tract for pasturing horses.
It is to be assumed that said possession of the property was taken and the troops were encamped thereon prior to May 15,1917, under and by proper authority. This property was owned by the plaintiff, possession of it was taken by the defendant with the knowledge that it was not the owner thereof and under no claim of right to its possession and use, for at this time no definite steps had been taken to secure for it a lease of the property, and it did not have a lease. It is, however, reasonable to assume that it took possession in the expectation of later securing a lease for which compensation would be made to the owner. The plaintiff company after possession was taken took no steps to dispossess the defendant and apparently acquiesced in and consented to the act of taking and occupation. It was a peaceable appropriation of the land for a legitimate purpose and use and acquiesced in by the plaintiff.
After the property had been taken possession of certain citizens of San Diego, on the 28th of May, procured what *575 purported to be two leases, covering 4,000 acres, from the plaintiff, with one of their number, Belcher by name, as trustee. This lease was signed by Joseph S. Mack, president of the plaintiff company, who did so under great pressure and with the statement that he had no authority to sign it, and in fact he did not have. Thereafter the said Belcher, as trustee, on November 1, 1918, executed a lease to the defendant by which he attempted to lease (Finding X) the tract of land heretofore mentioned, with other tracts, for a period of five years. The lease was dated back to May 26, 1917, as was the acknowledgment thereto.
We are of opinion that the Government never had, so far as the record shows, any valid lease of the plaintiff’s property for any period of time. It will therefore be seen that, having taken possession of the property under the expectation of procuring a lease, for which some compensation would be made to the plaintiff, and having never obtained the lease and at the same time retaining possession of and using the property, it became liable to compensate the plaintiff for the value of said use and occupation. The findings have fixed the reasonable value of the said use and occupation at $79,500.
The defendant during the occupancy of the plaintiff’s property scraped up the soil over about 200 acres, which it sold to third parties and for which it received the sum of $150,000. This was a taking and appropriation of plaintiff’s property for which it is entitled to recover compensation in the sum of $150,000 with interest.
There are other claims connected with the use and occupation of the property in the nature of waste for which the defendant is not liable, as it did not hold the property under a lease and there could arise no implied covenants under which relief could be given.
Judgment should be entered for the plaintiff in the sum of $229,500, with interest on $150,000 thereof at 6% from June 1, 1922, to date of payment, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, OMef Justice, concur.